**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1109011777 |
| | ) | |
| ANTHONY GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: February 19, 2024
Date Decided: April 8, 2024

## ORDER

Upon consideration of Defendant Anthony Gordon's ("Gordon") Motion to Dismiss the Indictment ("Motion"),[1] Superior Court Criminal Rule 7(c) and 12(b)(2), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    On January 24, 2013, a jury found Gordon guilty of two (2) counts of Rape Second Degree and one count of Rape Fourth Degree.[2]

(2)    On April 12, 2013, Defendant was sentenced as follows: for Rape Second Degree (IN11-10-0549), 10 years at Level V with credit for 193 days previously served; for Rape Second Degree (IN11-10-0550), 10 years at Level V; and for Rape Fourth Degree (IN11-10-0552), 15 years at Level V, suspended after 1 year for 14 years at Level IV, suspended after 6 months for 18 months at Level III.[3]

---

[1] D.I. 158.
[2] D.I. 33.
[3] D.I. 43.

(3)     Gordon appealed his conviction to the Delaware Supreme Court, and his conviction was affirmed on December 31, 2013.[4]

(4)     On November 21, 2014, Gordon filed a motion for postconviction relief which was denied on September 8, 2016.[5]   The Supreme Court affirmed the judgment of the Superior Court on October 25, 2017.[6]

(5)     Gordon has filed numerous *pro se* motions and letters since his initial appeal.[7]   Included in his previous motions was a motion for an illegal sentence in which Gordon claimed his indictment was deficient.[8] The Court considered and rejected this argument.[9]

(6)     On February 19, 2024, Gordon filed the instant Motion, again claiming his indictment was defective because it did not include the essential elements of the crime he was charged with.[10]   He asks the Court to overturn his conviction.[11]

(7)     Superior Court Criminal Rule 7(c), requires the indictment to contain a "plain statement of the elements or essential facts of the crime."[12]   The Court

---

[4] D.I. 63.

[5] D.I. 87; D.I. 123.

[6] D.I. 126.

[7] *See* D.I. 57, 58, 59, 60, 61, 62, 64, 66, 67, 68, 69, 70, 71, 72, 73, 75, 77, 78, 79, 80, 81, 83, 85, 87, 88, 89, 127, 129, 134, 137, 138, 140, 142, 144, 146, 154, and 156.

[8] D.I. 127.

[9] D.I. 128.

[10] Gordon argues in his Motion that the indictment failed to "to put [him] on notice of the particular element he was charged with so he could prepare a defense." D.I. 158.

[11] *Id.*

[12] *Malloy v. State*, 462 A.2d 1088, 1092 (Del.1983). Gordon also brings his Motion under Rule 12(b)(2).  Rule 12(b)(2) allows a defendant to attack their indictment *"before trial by motion."* Pursuant to Super. Ct. Crim. R. 12(b)(2), "[f]ailure by a party to raise defenses or objections or to

previously ruled that Gordon's indictment was not deficient nor insufficient.[13]

Gordon's blatant attempt to recast a previously decided upon argument under a new

rule will not render him a favorable result.  His Motion is repetitive and meritless.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Anthony Gordon's

Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

                                                     /s/ Jan R. Jurden
                                          Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Abigail E. Rodgers, DAG
        Anthony Gordon (SBI #00211789)

---

make requests which must be made prior to trial. . . shall constitute a waiver thereof. . . ." *Id.* Gordon did not objection to his indictment prior to trial.  Consequently, he is not entitled to relief under Rule 12(b)(2).

[13] D.I. 128 (Order dated March 12, 2018) ("The instant motion is meritless. The indictment was not deficient or insufficient in any respect.").